UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRACY L. DINKINS,**

  **Plaintiff,**

**v.**

                Civil Action 2:10-cv-00167
                Judge George C. Smith
                Magistrate Judge Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

  **Defendant.**

## OPINION AND ORDER

  This matter comes before the Court for consideration of the February 4, 2011 Report and Recommendation (ECF No. 22). In her Report and Recommendation, the Magistrate Judge recommended that the Court affirm the decision of the Commissioner of Social Security ("Commissioner"). Plaintiff filed her Objections to the Report and Recommendation on February 16, 2011 (ECF No. 23). She challenges the Magistrate Judge's conclusions that substantial evidence supports the Administrative Law Judge's ("ALJ") obesity determination; that the ALJ adequately assessed whether Plaintiff met the Section 9.08A listing requirement of 20 C.F.R. Part 404, Subpart P., Appendix 1; and that substantial evidence supports the ALJ's credibility determination. For the following reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

**I. BACKGROUND**

    A. Record Evidence[1]

Plaintiff seeks disability insurance benefits and supplemental social security income based on a variety of impairments including a right shoulder injury, diabetes, depression, sleep apnea, restless leg syndrom, migraines, and anxiety attacks. (*See* R. at 143.) Plaintiff testified before the ALJ at a 2009 administrative hearing. She testified that she weighed 408 pounds at the time of the hearing. Plaintiff reported that due to her weight she would not be able to lean forward and work at a table. (R. at 32.) Plaintiff also reported that she can only stand for about a minute at a time and that her diabetic neuropathy causes her to stumble and fall. (R. at 30.)

Plaintiff has received treatment for her impairments from various physician. These physicians have routinely noted and diagnosed Plaintiff's obesity. (*See, e.g.*, R. at 233, 307, 452, 609.) Furthermore, Plaintiff experienced significant weight gain after 2006. Specifically, Plaintiff weighed 344 pounds in March 2006 (R. at 364), 398 pounds in July 2007 (R. at 467), and over 421 pounds in May 2008 (R. at 499).

Plaintiff's physicians have also diagnosed and treated Plaintiff for neuropathy. On July 26, 2007, Dr. Leonard Bertheau noted that Plaintiff had "[d]ecreased sensation to monofilament bilaterally in [her] feet," indicated Plaintiff had peripheral neuropathy, and opined that weight loss was a high priority. (R. at 467–68.) In October 2007, Dr. R.W. King's examination of Plaintiff demonstrated absent sensation to light touch to the ankles bilaterally and decreased pinprick to

---

    [1] Having reviewed the Report and Recommendation, the Court finds that the Magistrate Judge performed a detailed review of the record in this case. (*See* Report & Recommendation 2–12, ECF No. 22.) Accordingly, the Court will offer only a brief summary of the facts relevant to Plaintiff's Objections.

the ankles bilaterally. (R. at 447.) Dr. King diagnosed Plaintiff with mild diabetic peripheral neuropathy and recommended that she increase her daily exercise. (*Id.*) Dr. Michael D. Sarap's February 2008 examination of Plaintiff revealed "neuropathy of her feet and all of her fingertips from her diabetes . . . ." (R. at 469.) Finally, in November 2008 Dr. Robert J. Thompson diagnosed Plaintiff with diabetic peripheral neuropathy. (R. at 509.) Dr. Thompson advised Plaintiff to "tak[e] good care of her diabetes" and noted "[a]t this point, the peripheral neuropathy would just need symptomatic treatment." (R. at 509.)

  B. <u>The Commissioner's Decision</u>

  The ALJ issued a decision on March 4, 2009, which the Commissioner later adopted, denying disability. (R. at 5–23.) The ALJ's decision recognized that Plaintiff has the severe impairments of diabetes mellitus, a history of right shoulder injury status post surgery in May 2005, sleep apnea, chronic obstructive pulmonary disease, and obesity. (R. at 10.) Nevertheless, the ALJ found that Plaintiff's impairments did not meet a listing requirement, including the requirements of Section 9.08 for diabetes mellitus, within 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 17–18.) In assessing the listing requirements, the ALJ explicitly stated that he had "considered [] the effects of obesity . . . ." (R. at 17.)

  Next, the ALJ assigned Plaintiff the following RFC:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is limited in standing/walking to a total of two hours in an eight hour workday, cannot climb ladders/ropes/scaffolds, and should avoid environmental irritants, such as dust, fumes, and odors, and hazards, such as moving machinery and unprotected heights.

(Report & Recommendation 13, ECF No. 22.) Despite a state agency physician opining that Plaintiff could perform medium work, the ALJ found Plaintiff only capable of sedentary work, in

3

part due to her obesity. (R. at 20.)

Within his RFC finding, the ALJ concluded that Plaintiff was not entirely credible as to the extent of her symptoms. (R. at 19.) The ALJ's justifications for his credibility finding included a lack of support from the record evidence for Plaintiff's alleged symptoms; Plaintiff's smoking and drinking habits; and Plaintiff's daily activities. (R. at 19–20.)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice withing which the decision-makers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted).

Even if supported by substantial evidence, however, " 'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.' " *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III. ANALYSIS

A. Obesity

Within her Objections, Plaintiff essentially raises the same three issues as her initial Statement of Errors. (*See* Pl.'s Statement Errors, ECF No. 16.) Plaintiff's first objection concerns the ALJ's obesity determinations. Specifically, Plaintiff implies that the ALJ made only cursory statements regarding Plaintiff's obesity, did not consider Plaintiff's obesity during each step of the evaluation process, and failed to acknowledge the severity of her obesity. (Objections 1, ECF No. 23.)

The Court finds that substantial evidence supports the ALJ's obesity determinations. As Plaintiff acknowledges, the United States Court of Appeals for the Sixth Circuit has held the relevant Regulations "do[] not mandate a particular mode of analysis,' but merely direct[] an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 411–12 (6th Cir. 2006)). Furthermore, as the Magistrate Judge noted, there is not a specific weight or body mass index that corresponds with a particular level of impairment severity. SSR 02-1p, 2000 WL 628049, at *2 (Sept. 12, 2002).

From its review of the record, the Court agrees with the Magistrate Judge's analysis on

this issue.  Specifically, the Magistrate Judge provided:

> In this case, the ALJ did not err in assessing Plaintiff's obesity. The ALJ found that Plaintiff's obesity was a severe impairment. (R. at 10.) He then went on to perform an extensive summary of the medical evidence from Plaintiff's various physicians. (R. at 11–16.) The treatment notes reflect that the majority of these physicians also considered Plaintiff's obesity. When assessing whether Plaintiff met the listing requirements within 20 C.F.R. Part 404, the ALJ explicitly stated that he "considered the effects of obesity," and went on to describe Plaintiff's ability with respect to ambulation and her upper extremities. (R. at 17); *see also Bledsoe v. Barnhart*, 165 F. App'x at 411 (finding that there is "no heightened articulation" standard at step three of the ALJ's sequential analysis). Finally, within his RFC assessment, the ALJ limited Plaintiff to sedentary work, citing Plaintiff's obesity as one reason for this assessment. (R. at 20.) The ALJ reached this determination despite Dr. Hinzman's opinion that Plaintiff could perform medium work. (*Id.*) Based on the above circumstances, the ALJ did not commit a procedural error in assessing Plaintiff's obesity. *See, e.g., Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (holding that an ALJ did not err in assessing a claimant's obesity when the ALJ discussed obesity in his factual findings; found obesity to be a severe impairment; and relied on physicians, in reaching an RFC finding, who accounted for the claimant's obesity).
>
> To the extent Plaintiff maintains that substantial evidence does not support the ALJ's obesity findings, the undersigned also disagrees. In maintaining that the ALJ failed to adequately consider her obesity, Plaintiff cites little medical evidence to contradict the ALJ's findings. (*See* Statement of Errors 9, ECF No. 16.) Plaintiff focuses exclusively on her recorded weights during 2007 and 2008, as well as Dr. Routson's conclusion that she was massively obese. (*Id.*) Although Plaintiff did gain considerable weight from 2006 to 2008, the ALJ's opinion recognized obesity as a severe impairment. Plaintiff's recorded weight, without more, is not enough to find a lack of substantial evidence. *See* SSR 02-1p, 2000 WL 628049, at *2–7 (emphasizing that obesity requires individualized assessment based on the entire case record). In this case, the ALJ based his factual findings on the extensive records that various examining and treating physicians provided. These physicians assessed Plaintiff's impairments, including her obesity. Plaintiff does not highlight any medical evidence from these physicians from which the undersigned could find that her obesity was impacting her other impairments to a greater extent than reflected in the ALJ's conclusions. Nor is there any medical or opinion evidence clearly limiting Plaintiff's functioning to a greater extent than the ALJ's sedentary RFC assignment. Rather, the only medical-source opinion assessing Plaintiff's physical RFC concluded that Plaintiff could function at a medium work level, a less restrictive classification than the ALJ's sedentary finding. Under these circumstances, a reasonable person could find that the record evidence supports the ALJ's obesity determinations.

(Report & Recommendation 17–18, ECF No. 22.)

      B. <u>Listing Requirement § 9.08</u>

Plaintiff's second objection is that the Magistrate Judge erred in finding that the ALJ adequately assessed whether Plaintiff met the requirements of Section 9.08A. (Objections 1–2, ECF No. 23.) Plaintiff maintains that based on the record evidence it was unreasonable for the Magistrate Judge to find that she did not meet the requirements of Section 9.08A.

Pursuant to step three of the disability evaluation process, the Commissioner must consider whether a claimants impairments meets or equals any of the relevant listing requirements of 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 CFR §§ 404.1520(a), 416.920(a). The burden is on Plaintiff to present evidence establishing that she has a listing level impairment. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Section 9.08 of Appendix 1 provides the disability listing requirements for diabetes mellitus. Specifically, Section 9.08A applies to diabetes mellitus that presents with "[n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C) . . . ." 20 C.F.R. pt. 404, subpt P, app. 1, § 9.08. Moreover, Section 11.00C indicates:

> Persistent disorganization of motor function in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combination, frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms.

20 C.F.R. pt. 404, subpt P, app. 1, § 11.00C.

In this case, the Court agrees with the Magistrate Judge that substantial evidence supports

7

the ALJ's findings with regard to the listing requirements Section 9.08A.[2] Plaintiff's objections seem to overlook her burden of presenting evidence demonstrating that she meets the listing requirements. Even without considering the ineffective ambulation requirements of Section 1.00(B),[3] the Court still finds that the ALJ was reasonable in finding that Plaintiff does not meet the listing requirement of Section 9.08A. As the Magistrate Judge noted:

> Plaintiff's record presents evidence of peripheral neuropathy and polyneurpathy. Furthermore, the medical evidence provides support for decreased sensation. For example, in July 2007, Dr. Bertheau noted decreased sensation to monofilament bilaterally in Plaintiff's feet. (R. at 467.) Dr. King's October 2007 examination revealed absent sensation to light touch and decreased pin prick to Plaintiff's ankles. (R. at 447.) In November 2008, Dr. Brizuela also noted decreased senses in all major modalities, as well as some nonpitting edima. (R. at 511.)

(Report & Recommendation 20–21, ECF No. 22.) Nevertheless, the record evidence regarding Plaintiff's neuropathy does little to indicate the ultimate level of severity of Plaintiff's neuropathy and the neorpathy's affect on Plaintiff's motor functioning. For example, as the Magistrate Judge found:

> [O]bservations of Plaintiff's gait have been far from consistent. Prior to 2007, Plaintiff's physicians frequently reported that her gait and station were normal. (See, e.g., R. at 340–54, 403.) In October 2007, Dr. King noted that Plaintiff's

---

[2] To the extent Plaintiff objects to the ALJ's listing requirement finding because it is "perfunctory," the Court also disagrees. As the Magistrate Judge noted, an ALJ need not engage in a heightened articulation standard at step three of the disability determination process. *See Bledsoe*, 165 F. Appx at 411. Furthermore, the ALJ summarized the record evidence regarding Plaintiff's diabetes within his decision and found that the record evidence did not "reveal *significantly* decreased strength, sensation, or range of motion of any extremity." (R. at 18 (emphasis added).) The Court finds that the ALJ's level of analysis was adequate.

[3] Within her objections, Plaintiff criticizes the Magistrate Judge's reference to this section of the listing requirements, which defines ineffective ambulation as requiring the need for assistive devices that limit the functioning of both upper extremities. 20 C.F.R. pt. 404, subpt P, app. 1, § 1.00B(2)(b). Within her analysis of this issue, the Magistrate Judge noted that Plaintiff requires only the use of a cane, and, therefore, does not satisfy the Regulations definition of ineffective ambulation. (Report & Recommendation 22, ECF No. 22.)

> gait was altered, but felt this was due to her body habitus. (R. at 447.) Although Dr. Brizuela described Plaintiff's gait as very guarded in November 2008, Dr. Nau found Plaintiff's gait to be normal for a person of her size as recently as September 2008. (R. at 492.)

(Report & Recommendation 21–22, ECF No. 22.) Furthermore, the Court also finds it telling that the record contains no physician has ever opined that Plaintiff meets the requirements of Section 9.08A. Finally, even within her Objections, Plaintiff still does not highlight medical evidence that provides any strong indication of the severity of Plaintiff's diabetic neuropathy.

C. Plaintiff's Credibility

Plaintiff's final objection is to the Magistrate Judge's finding that substantial evidence supports the ALJ's credibility determination. (Objections 2–3, ECF No. 23.) Plaintiff's appears to object that the ALJ's credibility finding was not sufficiently specific.[4]

The Court finds that the ALJ did not err in assessing Plaintiff's credibility and that substantial evidence supports the ALJ's opinion. Certainly, an ALJ's credibility findings must be sufficiently specific to inform the claimant and reviewers of the weight the ALJ gave to the claimant's testimony. *Rogers v. Comm'r Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007). "In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Id.* In this case, the ALJ satisfied the relevant standards through his analysis. The ALJ's opinion made clear he did not find Plaintiff's subjective complaints concerning the degree of her symptoms credible to the extent her statements were inconsistent with his RFC

---

[4] Plaintiff has offered no challenge to the case law on credibility that the Magistrate Judge applied. The Court adopts the law the Magistrate Judge applied. (*See* Report & Recommendation 23–24, ECF No. 22.)

9

assessment. (R. at 19.) The ALJ then proceeded to give a variety or reasons, including the medical evidence as well as Plaintiff's smoking and drinking habits, for why he doubted her credibility. (R. at 19–20.) Under these circumstances, the Court concludes the ALJ's statements were specific enough to make clear to Plaintiff and other reviewers the weight he gave to her subjective complaints and the reasons for that weight.

Furthermore, the Court finds that substantial evidence supports the ALJ's credibility finding. Based on the record, there are various factors that make it reasonable for the ALJ to doubt Plaintiff's credibility. As the Magistrate Judge concluded:

> The ALJ found that the severity of the complaints Plaintiff reported was inconsistent with the record evidence. (R. at 19.) The undersigned agrees that there is considerable tension between Plaintiff's representations and the medical evidence. For example, although Plaintiff reported that her shoulder surgery was unsuccessful (R. at 28–29), postsurgery records from November 2005 reflect that Plaintiff was doing relatively well. (R. at 246.) Plaintiff also complained of severe migraine headaches at her hearing (R. at 28), but Dr. Somple's notes reflect that Plaintiff was able to reach headache free status on medication in 2006. (R. at 354.) The ALJ is also correct that at times the record suggests that Plaintiff was non-compliant with medication and treatment. (*See*, e.g., R. at 189, 201, 211, 223.) Moreover, although Plaintiff alleges a disability date in June 2002, Dr. Schram-Wayne consistently found Plaintiff capable of returning to restricted work as late as November 2003. (R. at 179–223.)
>
> Plaintiff's drinking and smoking habits also cast some doubt on her credibility. Despite complaints of shortness of breath, it appears that Plaintiff was smoking until at least 2007. (*See* R. at 402, 404, 446.) Furthermore, although Plaintiff's physicians frequently advised her to lose weight, it appears she was routinely drinking significant amounts of alcohol weekly until approximately 2005, well into her alleged disability period. (*See* R. at 402.) Based on this information, it appears that Plaintiff's responses to other physicians regarding her drinking during 2004 were less than fully truthful. (*See* R. at 231, 340.) These actions, and evidence of Plaintiff's non-compliance with her physicians' treatment plans, imply that Plaintiff's symptoms were not as severe as her subjective testimony indicates.
>
> Finally, Plaintiff's daily activities also support the ALJ's credibility finding to a certain extent. Although Plaintiff's daily activities might not clearly indicate the ability to perform sedentary work, they do appear to be somewhat inconsistent

>   with Plaintiff's testimony at the hearing.  At the hearing, Plaintiff testified that she
>   is only able to stand for a minute at most. (R. at 30.) Nevertheless, at least as of
>   November 2006, Plaintiff reported being able to go to the store and shop, visit
>   family, and do laundry.  (R. at 160.) Although these activities are minimal, they do
>   appear somewhat inconsistent with the severity of the limitations Plaintiff alleges.
>   Furthermore, a Department of Disability Services contact reported that Plaintiff
>   was being evasive and less than forthcoming in providing information about her
>   daily activities.  (R. at 160–61.)

(Report & Recommendation 26–27, ECF No. 22.)

## IV.  CONCLUSION

Based on the above reasons, and the reasons set forth in the Magistrate Judge's February 4, 2011 Report and Recommendation, the Court concludes that substantial evidence supports the ALJ's decision.  Plaintiff's Objections (ECF No. 23) are **OVERRULED** and the Report and Recommendation (ECF No. 22) is **ADOPTED**.  The Court **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
 GEORGE C. SMITH, JUDGE
 UNITED STATES DISTRICT COURT